# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IAN JOHN WARWICK, JANE LOUISE WARWICK, AVTAR S. GOLA, LUKWINDER GOLA and THOMAS JAMES ANDERSON,**

       **Plaintiffs,**

**v.**                                                                 **Case No:   6:15-cv-1572-Orl-31DAB**

**7L CAPITAL, LLC,**

       **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 14) filed by the Defendant, 7L Capital, LLC ("7L"), and the response in opposition (Doc. 19) filed by the Plaintiffs.

According to the allegations of the Complaint (Doc. 2), which are accepted in pertinent part as true for purposes of resolving the instant motion, the Plaintiffs entered into purchase agreements with a predecessor in interest of the Defendant for townhouses that would be built in a subdivision to be known as "Caleb's Club." In 2010, 7L took over the development of Caleb's Club and had the Plaintiffs sign amendments to their purchase agreements. With the deadline for completion of the townhouses having passed, the Plaintiffs have now sued 7L for breach of contract, seeking cancellation of the amended purchase agreements and recovery of the deposits paid to the original developer.

7L seeks dismissal on the grounds that the Plaintiffs have failed to assert that it received consideration for the amendment to the purchase agreement, rendering the amendment

unenforceable. However, the Plaintiffs need not separately assert the existence of consideration to state a claim for breach of contract. *See, e.g., Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006) (setting forth elements of a claim for breach of contract claim as "(1) the existence of a contract, (2) a breach of that contract, and (3) damages resulting from the breach."). Moreover, the Plaintiffs do indeed assert that 7L received consideration, in that the amendment extended the deadline for completion of the townhouses. (Doc. 2 at 4). In addition, the Defendant seeks a more definite statement on the grounds that some documents that define some of the terms in the original purchase agreements were not attached to the Complaint; however, the Defendant has sufficient information to frame a response even in the absence of those documents.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 14) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 1, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party